# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION:_____

USCA NO.: _____

LOWER COURT or AGENCY and DOCKET NUMBER:
_____

NAME OF JUDGE:_____

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

In a one page debt collection letter, Appellee/Northland, a debt collector, wrote to Appellant in an attempt to collect a debt purportedly originally owed to GE Money Bank/PC Richard ("PC Richard") but currently owed to Cavalry SPV II, LLC ("Cavalry"). Appellee/Northland attempted to collect the PC Richard debt long after the statute of limitations had expired by enticing Appellant to enter into an agreement ("Option I" or "Option II") to pay a specified dollar amount over a specified period of time while simultaneously:

1. failing to inform Appellant that the statute of limitations, as to the original debt had already expired;

2. failing to inform Appellant that Appellee/Northland and/or Cavalry were barred from commencing any legal action to collection the original debt;

3. failing to inform Appellant that entering into the new agreement would create a new obligation;

4. failing to inform Appellant that a new statute of limitations would be created as to the new obligation; and

5. failing to inform Appellant that should he default on a single payment under the new obligation, Cavalry would then have the ability to commence a legal action, as to the new obligation.

Identify the issues to be raised on appeal:

Whether the District Court erred in granting Appellee/Northland's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) even though Appellant alleged that Appellee/Northland violated the FDCPA by sending him a debt collection letter long after the statute of limitations had expired by enticing him to enter into an agreement ("Option I" or "Option II") to pay a specified dollar amount over a specified period of time while simultaneously:

1. failing to inform Appellant that the statute of limitations, as to the original debt had already expired;

2. failing to inform Appellant that Appellee/Northland and/or Cavalry were barred from commencing any legal action to collection the original debt;

3. failing to inform Appellant that entering into the new agreement would create a new obligation;

4. failing to inform Appellant that a new statute of limitations would be created as to the new obligation; and

5. failing to inform Appellant that should he default on a single payment under the new obligation, Cavalry would then have the ability to commence alegal action, as to the new obligation.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this 11 day of May ,20 17 .

/s Benjamin J. Wolf

Signature of Counsel

Rev. 07/2015

<div align="center">

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**(609) 989-2182**

</div>

| | |
|---|---|
| CHAMBERS OF<br>FREDA L. WOLFSON<br>UNITED STATES DISTRICT JUDGE | CLARKSON S. FISHER FEDERAL<br>BUILDING & U.S. COURTHOUSE<br>402 EAST STATE STREET<br>TRENTON, NEW JERSEY 08608 |

<div align="center">

**LETTER ORDER**

</div>

April 6, 2017

Joseph K. Jones, Esq.
Jones, Wolf, & Kapasi, LLC.
375 Passaic Avenue, Suit 100
Fairfield, NJ 07004

Stephen M. Orlofsky, Esq.
Blank Rome LLP
301 Carnegie Center
Princeton, NJ 08540

          RE:    **Kislin v. Northland Group, Inc.**
                **Civ. Action No.: 16-4533 (FLW)**

Counsel:

      Plaintiff Henry Kislin ("Plaintiff") brings this putative class action, on behalf of himself and all other similarly situated individuals, against Defendant Northland Group, Inc. ("Defendant"), a debt collection agency, for allegedly violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), by failing to disclose in a debt collection letter that the applicable statute of limitations would reset upon entering into, and submitting monthly payments under, a settlement plan pertaining to a time-barred debt. Defendant moves to dismiss Plaintiff's claims. For the reasons expressed in this Letter Order, Defendant's motion is

<div align="center">1</div>

**GRANTED**.

Prior to November 2015, Plaintiff incurred a debt relating to a GE Money/PC Richards Charge Account (the "Account"), and it was ultimately transferred to Defendant for collection purposes. In November 2015, Defendant mailed Plaintiff a one-page debt collection letter (the "Letter) reflecting a past due debt in the amount of $2,946.62. Importantly, there is no dispute on this motion that, at the time Defendant attempted to collect such a debt, the statute of limitations had expired. Nevertheless, the Letter stated, in pertinent part: "[t]his is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose." In addition, the Letter provided Plaintiff with two separate settlement "Options," under which Plaintiff could pay off the debt for an amount lower than was originally due. Specifically, under "Option 1," Plaintiff could "settle [his] account" in 3 payments at a discounted price of $883.98; alternatively, under "Option II," Plaintiff could "settle [his] account" in 6 payments, at a discounted price of $1,031.34. Based on the Letter's inclusion of these settlement Options, Plaintiff filed this action under the FDCPA.

Presently before the Court, Defendant moves to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that a letter is not required to disclose the legal status of an underlying debt, so long as it does not threaten legal action. In response, Plaintiff contends that Defendant violated §§ 1692e, (2)(A), (10), and 1692f of the FDCPA, by failing to disclose that the statute would reset by selecting, and submitting a monthly payment under, settlement "Option I" or "Option II." This Court held a telephone conference with the parties, and Plaintiff was directed to submit additional briefing addressing this Court's previous decision in *Cohen v. Ltd. Fin. Servs., LP*, 2016 U.S. Dist. LEXIS 91299 (D.N.J. July 14, 2016), wherein I rejected an

2

identical argument raised by the plaintiff there. Having reviewed the parties' submissions, I reject Plaintiff's arguments raised here based on my reasoning in *Cohen*.

The Fair Debt Collection Practices Act "is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." *Marx v. Gen. Revenue Corp.*, U.S., 133 S. Ct. 1166, 1171 n.1 (2013) (citing 15 U.S.C. § 1692). By its terms, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors" while insuring that "debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692.

In that connection, Section 1692e of United States Code Title 15 prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute includes a non-exhaustive list of conduct which constitutes a violation of the section, including "[2(A)] The false representation of . . . the character, amount, or legal status of any debt . . . [,] " as well as "(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* at §§ 2(A), (10). In addition, Section 1692f prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 USCS § 1692f.

To be clear, Plaintiff, in the instant matter, does not allege that the Letter misrepresented the current legal status of the debt by failing to disclose that the debt is time-barred, and not enforceable by law. Instead, Plaintiff, in his Complaint, alleges that the Letter is deceptive and/or misleading under the FDCPA, because it does not indicate that, by entering into a settlement

3

Option, the statute of limitations would reset, and the debt would become legally enforceable.[1] Complaint ("Compl."), ¶ 49. ("Defendant's attempt to entice Plaintiff and others similarly situated into a monthly payment plan without explaining the possible consequences of doing so would cause the least sophisticated consumer to be confused about his or her rights and the consequences of entering into such a payment plan."). Therefore, the primary issue in this case centers on whether a partial payment on a time-barred debt resets the applicable statute of limitations under New Jersey law.[2] In conducting this analysis, the Court first turns to the *Cohen* decision.

In *Cohen*, this Court discussed the legal ramifications of submitting a partial payment on a debt that is time-barred. In that case, the plaintiff brought an FDCPA action against the defendant debt collector, as a result of a debt collection letter that Plaintiff received. The letter,

---

[1] To the extent that Plaintiff's Opposition raises additional bases for liability under the FDCPA, the Court notes that a party is prohibited from amending a Complaint through subsequent briefing. *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

[2] Plaintiff argues that this Court should decline to follow *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28 (3d Cir. 2011). In *Huertas*, the Third Circuit found that a debt collector may collect on a time-barred debt without violating the FDCPA, so long as the debt collection letter does not threaten litigation. *Id*. at 32-34. Instead, Plaintiff cites various Fifth, Sixth, and Seventh Circuit opinions that are in conflict with *Huertas*, and argues that those decisions should govern this dispute. *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2016); *Buchanan v. Northland Group*, 776 F.3d 393 (6th Cir. 2015); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014). Specifically, the Circuit Courts, in each of those cases, held that it is misleading and/or deceptive under the FDCPA to provide a consumer with various settlement options, under which that consumer can settle a debt, without disclosing that the original debt is time-barred. *See id*. Despite these conflicting opinions, however, the Court is obligated to follow *Huertas*, to the extent that it applies here, because it is binding precedent in the Third Circuit. In addition, the Court notes that those out-of-circuit decisions are partly distinguishable from the dispute at hand, because, under the governing state law in those cases, a partial payment in connection with a time-barred debt could reset the applicable statute of limitations. This is not so in New Jersey. *See, infra*.

4

like in this case, attempted to collect a time-barred debt, by presenting the plaintiff with two different "Payment Plans," under which she could settle the underlying debt at a discounted price, *i.e.,* a discounted lump sum or periodic payments. *Id*. at *2. The plaintiff alleged that the letter was in violation of the FDCPA, because defendant did not disclose that by entering into a "Payment Plan," the applicable statute of limitations would reset under New Jersey law. *Id*. at *3.

This Court, however, was not persuaded by the plaintiff's argument, and found that a partial payment, alone, is insufficient to reactivate the statute of limitations. Instead, this Court held that a partial payment made after a statutory period has run would only revive an otherwise time-barred debt if two requirements are met: (1) the payment is partial; and (2) the debtor makes an act of declaration which establishes that debtor's recognition of, and intention to pay, the *entire* claim. *Id*. at *11. And, because a partial payment, in *Cohen*, did not evince the plaintiff's recognition that she owed, or intended to pay, the entire debt, the Court found that the plaintiff failed to satisfy her burden. [3]  In fact, on that very issue, several district courts have reached the same conclusion. *See Genova v. Total Card, Inc.*, 193 F. Supp. 3d 360, 368 (D.N.J. 2016) (Under New Jersey law . . . the Court concludes that the settlement payments solicited in the Letter

---

[3] Plaintiff attempts to distinguish *Cohen* by arguing that the "theory of liability, here, is a more nuanced one, and thus, was not before the Court in *Cohen*." Plaintiff's Supplemental Brief ("Pl.s' Supp. Brief"), at 2. Plaintiff contends that a partial payment under settlement "Option 1" or "Option II" in this case creates a new contract between Plaintiff and Defendant that Defendant can legally enforce. Pl.'s Supp. Brief, at 2. It is not clear to the Court on this record that by entering into a monthly payment plan, Plaintiff would effectively enter into a separate agreement with Defendant; but, even if this were the case, the Court finds that the FDCPA would not govern that contract because, under the newly created obligation, Defendant would be a creditor. *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("The FDCPA's provisions generally apply only to 'debt collectors.' . . . Creditors—as opposed to 'debt collectors'—generally are not subject to the FDCPA.") (internal citation omitted).

5

would not restart the statute of limitations on the . . . Debt.); *Cohen v. Dynamic Recovery Solutions*, No. 16-576, 2016 U.S. Dist. LEXIS 97016, at *10-11 (D.N.J. Jul. 26, 2016); *Tatis v. Allied Interstate, LLC*, No. 16-109, 2016 U.S. Dist. LEXIS 134338, at *26-27 (D.N.J. Sept. 29, 2016); *Rubinsky v. Zayat*, No. 14-1540, 2015 U.S. Dist. LEXIS 72100, *8-9, (D.N.J. June 4, 2015) ("Under New Jersey law, an acknowledgement or promise to pay a debt will only restart the statute of limitations if it is unconditional and in a signed writing.") (internal citation omitted).[4]

Here, by selecting either settlement "Option," Plaintiff would not have reset the applicable statute of limitations under New Jersey law. The Letter presented Plaintiff with various opportunities to settle her Account for less than $2,946.62, the amount allegedly owed to the original creditor. Specifically, under "Option I," plaintiff could submit monthly payments totaling $883.98; alternatively, under "Option II," Plaintiff could submit monthly payments totaling $1031.34. Significantly, Plaintiff would have been relieved from any further obligations on the original time-barred debt by submitting payments under either "Option I" or "Option II," without having to make a declaration which establishes his recognition of, and intention to pay,

---

[4] Plaintiff cites *Fackina v. RJM Acquisitions*, LLC, 14-cv-6532 (D.N.J. May 4, 2015), an oral decision wherein that court found that it is misleading for a debt collection letter to contain various settlement options, without disclosing that the original debt is time-barred, because the applicable statute would reset by making a partial payment. However, as already delineated in *Cohen*, this Court disagrees with the holding issued in *Fackina*. *See Cohen* 2016 U.S. Dist. LEXIS 91299, at *13-14; *see also Tatis,* 2016 U.S. Dist. LEXIS 134338 at *23-24 ("*Fackina* . . . did not analyze whether partial payment of a time-barred debt would actually revive the statute of limitations pursuant to the underlying state law. Instead, *Fackina* . . . assumed the statute of limitations would be reset upon partial payment."); *Genova*, 193 F. Supp. at 369 n.5 ("To the extent [*Fackina*] held that 'an act or declaration which establishes the debtor's recognition of, and intention to pay, the entire claim,' . . . is not required to revive the statute of limitations, this Court respectfully disagrees.").

the entire debt. Stated differently, the Letter provided Plaintiff with an opportunity to settle his Account for less than the amount originally owed, without his acknowledgment or promise to pay the full debt. Therefore, under New Jersey law, the statute of limitations would not have reset merely because Plaintiff made a partial payment. Thus, under the FDCPA, the Letter was not deceptive or misleading in that regard.[5]

In sum, based on Plaintiff's pleadings, Defendant did not engage in any "false, deceptive, or misleading" conduct under §§ 1692e, (2)(A), or (10) of the FDCPA, by sending a debt collection letter that included various settlement options pertaining to a time-barred debt. Similarly, because Plaintiff's § 1692f claim is based on the same alleged conduct, I also find that Plaintiff has failed to state a claim under § 1692f. It is hereby **ORDERED** that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**.[6]

**SO ORDERED.**

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. District Judge

---

[5] Finally, Plaintiff argues that the debt collection letter is misleading, because it should have included a third "Option," under which Plaintiff could "simply ignor[e] the letter." Pl.s' Opp'n, at 3. The Court, however, refuses to find a violation of the FDCPA based on this ground, as the Third Circuit has held that a debt collection agency is permitted to collect on a time-barred debt in New Jersey, so long as it does not threaten legal action. *See Huertas*, 641 F.3d at 32-34 (3d Cir. 2011).

[6] In a letter, Plaintiff requests an opportunity to file a second sur-reply addressing *Pantoja v. Portfolio Recovery Assocs., LLC*, No. 15-1567, 2017 U.S. App. LEXIS 5432 (7th Cir. Mar. 29, 2017), a recent decision in which the Seventh Circuit found that a debt collector violated the FDCPA by attempting to collect on a time-barred debt. As Plaintiff concedes, however, *Pantoja* is identical to the other out-of-circuit decisions that this Court already distinguished above. *See* Plaintiff's Request to File A Second Sur-Reply ("Plaintiff's position is that [*Pantoja*] is in line with several other appellate decisions relied on by Plaintiff in his opposition brief."). Therefore, Plaintiff's request is denied, and no further comment is needed to distinguish *Pantoja*.